JENNINGS v. HARE.

COSTS.—Under the final judgment in this case, the costs are to be paid out of the proceeds of sale, and not by the defendant.

Before BENET, J., Greenville, December, 1895. Reversed.

Foreclosure by L. I. Jennings *v.* Florence S. Hare and W. C. Black. From order requiring defendant to pay costs, he appeals.

*Messrs. Haynesworth & Parker*, for appellants, cite: 18 S. C., 560; 2 Strob. Eq., 174; 5 Rich. Eq., 7; 22 S. C., 271; 24 S. C., 264; 18 S. C., 555.

*Mr. A. Blythe*, contra (oral argument).

Oct. 21, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was an action for foreclosure of a mortgage, and resulted in a judgment for the sale of the premises. The land was advertised for sale, and was bid in by the plaintiff for a sum insufficient to pay his debt. The plaintiff has never complied with his bid nor paid any part thereof, and no report on sales has been made, and no deed executed. After said sale, plaintiff, conceiving himself entitled, under the order of the Court, to tax the costs of the action against the defendant, Black, caused the clerk to enter up a judgment against Black for $96.55, costs of the action, including the costs, commissions, and expenses of said sale. Black then moved the Circuit Court to set aside said judgment and execution for costs. The motion was refused, on the ground that the matter of costs is *res judicata*, inasmuch as the master recommended that the defendant, W. C. Black, pay the costs of the action, to which recommendation no exception was taken, and the report of the master confirmed in that particular. ·

The question presented is, whether this ruling is erroneous. We think the Circuit Court erred in so ruling, and

in not setting aside the judgment and execution for costs. The master's recommendation was as follows: "The master respectfully recommends that the defendant, W. C. Black, be required to pay his codefendant by a day certain, subject to the discount for rent above mentioned, the sum of $122.05, with interest from date of this report, and that he be further required to pay the costs of this action. That in the event he shall fail to pay the said sum of money as above required, then the premises in question be sold by order of the Court, and the proceeds applied to the payment of said sum of money and the costs above recommended, and that the balance of the proceeds of said sale be applied to the debt due the plaintiff, as hereinbefore reported. That in the event the said balance shall not be sufficient to pay the plaintiff's debt, then the plaintiff do recover judgment against the defendant, Black, for deficiency, provided such deficiency does not exceed the sum of $125.05, with interest from this date."

It will thus be seen that the master, in case of a sale of the premises, recommended that the proceeds be applied to plaintiff's debt, after certain other payments, including the costs of the action. The Circuit Court, Judge Benet presiding, confirmed the report of the master, "except as provided hereafter," and then proceeded to provide for a sale of the premises and to direct the disposition of the proceeds of sale as follows: "That out of the proceeds of said sale the master deduct the amount of his fees and expenses of said sale and lien for taxes or assessments, and that he then pay the plaintiff the amount found due him, and the costs of said action, and if any balance should remain in his hands after such payments, that he do then pay the same to the defendant, Florence S. Hare, or her attorney or legally appointed guardian. In the event the proceeds of sale be insufficient to pay the debt of plaintiff, the plaintiff shall be entitled to no judgment against W. C. Black for such deficiency, and so much of the master's report as gives judgment for such deficiency is overruled." It is thus clear that

Judge Benet did not adjudge that Black should pay the costs of the action, but he provided for the payment of the costs, including the expenses of the sale, out of the proceeds of sale, and expressly adjudged that Black should not be liable to a judgment for any deficiency after the application of the proceeds as directed. The costs of the action are payable out of the proceeds of the sale of the property, and not by defendant, Black, individually, under the judgment of the Circuit Court.

The order appealed from is reversed, and the judgment and execution for costs against the defendant, Black, is set aside.